# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

**Andrew B. Altenburg, Jr.**  (856) 361-2300
**U.S. BANKRUPTCY JUDGE**

May 12, 2020

Mr. Robert W. Knaak, Jr.     Jane McDonald, Esq.
413 Pine Street              Chapter 13 Standing Trustee
Egg Harbor Twp., NJ 08234    Cherry Tree Corporate Center
                             535 Route 38 - Suite 580
                             Cherry Hill, NJ 08002

**RE:   In re Robert W. Knaak, Jr.**
       **Bankr. Case No. 20-11269-ABA**

Dear Mr. Knaak and Ms. Balboa:

Before the court is the chapter 13 trustee's Objection to Eligibility Claimed by Debtor and the debtor's opposition. Doc. Nos. 35, 47. A hearing was held May 12, 2020 at which the debtor, Robert W. Knaak, and the trustee appeared.

The trustee alleges that creditors timely filed unsecured proofs of claim in the total amount of $848,383, exceeding the limit for chapter 13 cases of $394,725 under section 109(e).

Section 109(e) provides that:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse. . . .

11 U.S.C. § 109(e).

Mr. Knaak opposes the objection with the following arguments:

- The amount claimed by Wells Fargo is fictitious, unjustly inflated, and unsupported.
- There are no supporting documents filed with the original accounting regarding the inflated figure.
- The proof of claim is not perfected.
- The claim should not be included in this bankruptcy because Wells Fargo is still collecting monthly payments for the mortgage from the corporation to which the loan was given.

- The Third Circuit Court of Appeals has held that if a loan is not in default and the mortgagee is accepting monthly mortgage payments, then the claim passes through the bankruptcy.
- The loan has been in dispute for several years for alleged fraud/forgery on the note where the maturity date was illegally altered, rending the note invalid and void.
- There are still two pending appeals with the Third Circuit Court of Appeals regarding the validity of the note and proof of claim previously filed by Wells Fargo.
- The debtor intends to sue Wells Fargo in California regarding the validity of the note.
- The trustee neglects to consider that there is a mortgage of $270,000 in addition to an equity loan of $243,370 that would eliminate the equity mortgage in a foreclosure action.
- Debtor is considering a conversion to chapter 7 or chapter 11 to eliminate all mortgages.[1]
- The debtor has an issue with the proof of claim filed by an individual named "Liss" [in the amount of $220,100], which he intends to challenge in an adversary proceeding.
- Due to ongoing lawsuits in state court, the debtor needs at least 90 days to work out a solution of these complex issues.

Mr. Knaak concluded that he would like to remain in chapter 13 with a stay in place "until the conversion or as the court seems just and proper."

The court finds none of Mr. Knaak's response convincing and will grant the trustee's objection and give Mr. Knaak 14 days to either convert his case to chapter 7 or 11 or voluntarily dismiss it, else the court will dismiss the case.

The court first notes that in a previous chapter 13 case of Mr. Knaak, the court found that he was ineligible for that chapter and converted it to chapter 11. *See* Bankr. Case No. 18-24064-ABA, Doc. No. 101, attached[2]. There, the court found that Wells Fargo had filed a proof of claim for an unsecured claim on the date of the bankruptcy filing in an amount of $686,411.37. As to that claim, Mr. Knaak had admitted that the Knaak Family Real Estate Holdings, LLC, executed a Promissory Note on December 18, 2007 in the amount of $1,050,000. Mr. Knaak admitted that he and others personally guaranteed that obligation. It was undisputed that the obligation had not been paid in full and in fact, payments continued to be made thereon. While Mr. Knaak had disputed the standing of Wells Fargo to file a proof of claim (a dispute that this court dismissed) and had theorized that Wells Fargo perpetrated a fraud, he had submitted no evidence that the amount set forth in Wells Fargo's proof of claim was inaccurate. As a court need not credit a self-represented party's "bald assertions" or "legal conclusions." *Telfair v. Tandy*, No. CIV.A. 08-731 (WJM), 2008 WL 4661697, at *3 (D.N.J. Oct. 20, 2008), and because Bankruptcy Rule 3001(f) deems an unsecured proof of claim prima facie evidence of the validity and the amount of the claim absent evidence to the contrary, Wells Fargo's proof of claim for an unsecured claim in the amount of $686,411.37 stood. Accordingly, for purposes of section 109(e) of the Bankruptcy Code, Mr. Knaak's unsecured debt in his prior case exceeded the eligibility limits to file chapter 13 case.

---

[1] This statement made the court wonder if he truly opposes the trustee's objection to eligibility, but he appeared on the hearing on the motion and did not withdraw his objection.

[2] This order was not appealed and became a final order.

Nothing has changed from the prior case to this one as concerns Wells Fargo's personal guaranty claim against Mr. Knaak except that the amount owed is now $628,283.22. Mr. Knaak has not submitted any evidence that the amount claimed is fictitious, unjustly inflated, or unsupported. To the extent that Mr. Knaak has appealed decisions made in his prior bankruptcy case, the District Court affirmed the Bankruptcy Court and the Third Circuit Court of Appeals has not yet ruled. Until reversed, the Bankruptcy Court's decisions stand. *Los Angeles Cty. v. Davis*, 440 U.S. 625, 646 (1979) (". . . the expressions of the court below on the merits, if not reversed, will continue to have precedential weight . . . until contrary authority is decided. . ."); *In re Buckner*, 218 B.R. 137, 142 (B.A.P. 10th Cir. 1998) (stating that "[i]ssues decided on appeal become the law of the case and are to be followed in all subsequent proceedings in the same case in the trial court. . ."); *The Navajo Nation v. Peabody Holding Co.*, 255 F.R.D. 37, 45 (D.D.C. 2009) ("'Where a Court has jurisdiction, it has a right to decide any question which occurs in the cause; and, whether its decision be correct, or otherwise, its judgments, until reversed, are regarded as binding in every other Court.'") (quoting *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828)).[3]

Moreover, disputed claims – this one and the one filed by Mr. Liss that Mr. Knaak says he intends to challenge – are considered in the eligibility calculation if they are noncontingent and liquidated. Section 109(e) considers a debtor's "debts." "Debt" is defined as "liability on a claim." 11 U.S.C. § 101(12). The term "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A) (emphasis added). Thus, disputes do not remove debts from the section 109(e) calculation. *See In re Rottiers*, 450 B.R. 208, 215-16 (Bankr. D.N.M. 2011) (stating that the majority of courts hold that a dispute as to liability on a claim "is not relevant as to eligibility."). Otherwise, debtors could ensure eligibility by characterizing certain claims as disputed. *In re Rottiers*, 450 B.R. at 216. *See In re Nowakowski*, 404 B.R. 789, 792 (Bankr. M.D. Pa. 2009) (holding that disputed debts are included in the debt computation).

In general, if a debtor/defendant only asserts a defense to liability, the claim should be included in the section 109 calculation, while if the dispute is that the plaintiff must prove liability, then the claim is not included. *In re Hatzenbuehler*, 282 B.R. 828, 832 (Bankr. N.D. Tex. 2002). Here, this court has previously held that Mr. Knaak is liable under the guaranty for the full amount of the guaranty despite that his wife is also jointly and severally liable. The $220,100 Liss claim is newly-claimed, but the court does not need to inquire about its validity because the Wells Fargo claim on its own puts Mr. Knaak over the chapter 13 eligibility limit. However, it notes that Mr. Knaak did not support his claim of lack of liability, only stated that he has an issue with it and intends to challenge it.

---

[3] Importantly, so long as the appeal to the Third Circuit is pending, this court is divested of jurisdiction over the issues raised on appeal, i.e. issues regarding the validity of the Wells Fargo note and mortgage. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). *See In re G-I Holdings, Inc.*, 568 B.R. 731, 763 (Bankr. D.N.J. 2017). Mr. Knaak is counseled not to attempt to litigate those issues in this court. *See In re Washington Mut., Inc.*, 461 B.R. 200, 219 (Bankr. D. Del. 2011), *vacated in part*, 08-12229 MFW, 2012 WL 1563880 (Bankr. D. Del. Feb. 24, 2012) (". . . so long as the lower court is not altering the appealed order, the lower court retains jurisdiction to enforce it."). Mr. Knaak is cautioned not to attempt to contest the validity of the Wells Fargo note and mortgage in this case.

Stated another way, that Mr. Knaak's appeal to the Third Circuit is pending does not make the debt contingent or unliquidated for eligibility purposes. *In re Kelly*, 18-13244-WIL, 2018 WL 4354653 (Bankr. D. Md. Sept. 11, 2018):

> Moreover, neither Kelly's dispute over the District Court's entry of the Amended Judgment nor her pending appeal renders the debt unliquidated for eligibility purposes. The Court considers those debts that exist as of the Petition Date and the Seaside Claim was a liquidated, noncontingent judgment as of the Petition Date. Although Kelly disputes the Seaside Claim, claims that are disputed as to liability are factored into the eligibility analysis.

*Id.*, at * 7. *See In re Tacason*, BR. 12-11879-BAH, 2014 WL 7411720, at *7 (Bankr. D.N.H. Dec. 31, 2014) ("At best, this argument underscores the disputed nature of the John Gray judgment, which does not take the debt outside the unsecured debt ceiling for section 109(e) purposes—only unliquidated and contingently scheduled debts are excluded."); *In re Imagine Fulfillment Servs., LLC*, 489 B.R. 136, 149 (Bankr. C.D. Cal. 2013) ("A judgment establishing liability against a debtor, entered prepetition, is not a contingent debt for purposes of determining eligibility under section 109(e).").

Finally, that payments are being made on the claim does not remove it from the bankruptcy. Again, this court has previously held that the Wells Fargo obligation matured several years ago and thus is in arrears, and therefore that issue is res judicata here.

Accordingly, the court will grant the trustee's objections. Mr. Knaak will have 14 days to convert his case, else the case will be dismissed.

Very truly yours,

Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Encl.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on February 12, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re:<br><br>Robert W. Knaak,<br>                    Debtor. | Case No.: 18-24064-ABA<br><br>Chapter: 13<br><br>Judge: Andrew B. Altenburg, Jr. |

## ORDER DENYING MOTION ON GROUNDS STATED
## BUT CONVERTING CASE TO CHAPTER 11 CASE

The relief set forth on the following page, numbered two through four, is hereby **ORDERED**.

**DATED: February 12, 2019**

_____
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

*In re Robert W. Knaak*
*Case No.: 18-24064-ABA*
*Order Denying Motion on Grounds Stated but Converting Case to Chapter 11 Case*
Page 2

---

**THIS MATTER** having come before the court through the *Debtor's under forced, opposition and protest Certification and Request for Discontinuance and Request to Convert Chapter 13 Case to Chapter 11 Case or as the Court seems just and proper* (Doc. No. 85) (the "Motion"), the Debtor Robert W. Knaak appearing at the return date of the hearing; and

**WHEREAS**, the Debtor specifically alleging in the Motion:

1. That "Debtor disagrees with Court regarding conversion and forcing Debtor into another Chapter" and in doing so, the court ignored the concept of joint several liabilities under his Unconditional Guaranty with Wells Fargo and that the Court and the US Chapter 13 Trustee, among others, are unjustly enriching themselves. *HOWEVER*, the Debtor ignores that the court set forth the legal basis regarding the Debtor's liability under the Unconditional Guaranty, *see* Exhibit "A", and the Debtor provided no support for his scandalous statement that the Court and the US Chapter 13 Trustee are unjustly enriching themselves; and

2. That "Debtor filed a Notice of Appeal on 12/17/2018." *HOWEVER*, that appeal was dismissed by the District Court and the Debtor's Motion to reinstate the appeal was denied by the District Court; and

3. That "[o]n 1/7/2019[, in Adv. Pro. 18-1533,] the Court made the Determination to deny Debtor's Motion for Reconsideration regarding facts to the conversion to another chapter and the court disregarded and prevented Debtor from making any Statement at that Hearing and as a result, Debtor is prejudiced." *HOWEVER*, Debtor fails to recognize that on January 7, 2019, this Court lacked jurisdiction to hear the reconsideration motion as the appeal divested the court of jurisdiction and/or the reconsideration was filed in the wrong case and/or premature. Perhaps, more importantly, the Debtor fails to acknowledge that he filed an identical motion in his main bankruptcy case, which motion was scheduled to be heard on January 15, 2019, and at which time the Debtor appeared and presented his arguments for the court to consider. Thereafter, the Court issued its findings and entered an order in the main case which were served on the Debtor, *see* Exhibit "A", which have not been timely appealed and therefore, is a final order; and

4. That "Debtor believes that Court and Secured Creditor and US Chapter 13 Trustee forced Debtor into another Chapter for the Advantage of Secured Creditor." *HOWEVER*, the Debtor admitted he has no proof to support this questionable statement; and

5. That "Debtor filed an Appeal regarding the January 7, 2019 Order, Doc 28 Adv. Case No. 18-1533. *HOWEVER*, the Debtor ignores the fact that his reconsideration motion was given full consideration on the merits in his main bankruptcy case as set forth in Paragraph 3, above; and

*In re Robert W. Knaak*
*Case No.: 18-24064-ABA*
*Order Denying Motion on Grounds Stated but Converting Case to Chapter 11 Case*
Page 3

---

6. That "Debtor makes monthly mortgage payments to secured creditors and US Chapter 13 Standing Trustee and is not in default. **(Exhibit A)** No harm was created. Wells Fargo Bank, N.A. refuses to make changes and new contracts for defective void ab initio contracts with better and new terms. Debtor feels that he is a victim of a banking scheme." *HOWEVER*, this information is irrelevant, unsupported and/or no defense to conversion of this case as the Debtor is ineligible to be a Debtor under Chapter 13 pursuant to the express language of Section 109(e) of the Bankruptcy Code; and

**WHEREAS** there is no basis, in law or fact, to grant the Debtor's Motion on the grounds he asserts; and

**WHEREAS** the court has already found that:

1. In Adv. Pro. 18-1533, *Knaak v. Wells Fargo*, Wells Fargo has standing in this case to file a proof of claim and pursue an objection to confirmation. The court's decision and order in connection to its findings and ruling, Doc. Nos. 13 and 14, are final. The appeal of the court's order and findings in that regard has been dismissed by the District Court as evidenced by Doc. No. 31 in the Adv. Pro. On February 5, 2019, the District Court denied Mr. Knaak's Motion to reinstate the appeal. *See* Doc. No. 7 in the Civil Proceeding No. 18-17309 (NLH) before the District Court of New Jersey.

2. In connection with the Debtor's motion for reconsideration in the main case, the court fixed the claim of Wells Fargo against Mr. Knaak at $686,411.37. The order and findings entered into in connection with that decision, Doc. Nos. 83 and 84, have not been timely appealed and the order, therefore, is final.

3. On January 18, 2019, the Debtor was provided with actual notice of the court's decision and order fixing the claim of Wells Fargo's claim, Doc. Nos. 97 and 98, but did not timely appeal that decision; and

**WHEREAS** the claim of Wells Fargo in the amount of $686,411.37 makes the Debtor ineligible to be a debtor under chapter 13 pursuant to Section 109(e) of the Bankruptcy Code; and

**WHEREAS** the court previously instructed the Debtor to convert his case or risk dismissal (Doc. No. 84); and

**WHEREAS** the Debtor, on the return date of the Motion, stated his desire to convert his case to a chapter 11 case rather than to a chapter 7 case or dismissal of his case;

*In re Robert W. Knaak*
*Case No.: 18-24064-ABA*
*Order Denying Motion on Grounds Stated but Converting Case to Chapter 11 Case*
Page 4

---

**NOW THEREFORE**, for the reasons set forth on the record and consistent herewith; it is

**ORDERED** that the Motion is DENIED on the grounds stated in the Debtor's Motion, however, consistent with this Court's order on 1/15/19, Doc. No. 84, the case shall be and hereby is converted to a chapter 11 case, and the Clerk shall mark the Docket accordingly.

The court reserves the right to revise its findings of fact and conclusions of law.

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

Andrew B. Altenburg, Jr.
U.S. BANKRUPTCY JUDGE

(856) 361-2320

January 15, 2019

FILED
JEANNE A. NAUGHTON, CLERK
JEANNE / JAN 15 2019
U.S. BANKRUPTCY COURT
CAMDEN N.J.
U.S. BANKRUPTCY _____ DEPUTY
    CAMDEN, N.J.
BY_____DEPUTY

Mr. Robert W. Knaak
413 Pine Avenue
Egg Harbor Twp, NJ 08234

RE:    *In re Knaak*
       Bankr. No. 18-24064-ABA
       Hearing Date: January 15, 2019

## MEMORANDUM DECISION

Dear Mr. Knaak:

This matter was originally brought before the court on the debtor, Mr. Knaak's, Motion for Reconsideration with Certification to Review the Court's Findings in the Memorandum Regarding To Convert This Case To Another Chapter In 14 Days Filed In His Main Bankruptcy Case (the "Motion"). Doc. No. 61. The Chapter 13 Trustee filed a response, Doc. No. 72. The matter has arisen because the court had pointed out in its Opinion entered December 10, 2018 (Doc. No. 13) dismissing Mr. Knaak's adversary proceeding (Adv. Proc. 18-1533-ABA the "Adversary Proceeding") that the Wells Fargo claim puts Mr. Knaak's noncontingent, liquidated, unsecured debts over the limit specified in section 109(e) of the Bankruptcy Code for Mr. Knaak to be a debtor under chapter 13. That section limits eligibility to file chapter 13 to those individuals that owe on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200. As the Motion was filed in Mr. Knaak's main case and a response was received from the Chapter 13 Trustee, the court is treating it as a motion to determine Mr. Knaak's eligibility under section 109(e) because the court is cognizant of Mr. Knaak's self-represented status. Accordingly, the court grants a certain degree of leniency. *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789, at *2 (Bankr. D.N.J. Dec. 28, 2010) (citing *Huertas v. U.S. Dept. of Education*, 2010 WL 2771767 (D.N.J. 2010)). As such, Mr. Knaak's pleadings are being liberally construed. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The court will proceed on the merits of the Motion, as opposed to narrowly focusing on procedural niceties. *Air Line Pilots Ass'n v. Continental Airlines (In re Continental Airlines)*, 125 F.3d 120, 129 (3d Cir. Del. 1997). All pleadings shall be so construed as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Memorandum Decision, together with record and oral opinion from the hearing on the Motion, constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

Undisputedly, Wells Fargo has filed a proof of claim for an unsecured claim on the date of the bankruptcy filing in the amount of $686,411.37. As to that claim, Mr. Knaak admits that the Knaak Family Real Estate Holdings, LLC, executed a Promissory Note on December 18, 2007 in the amount of $1,050,000. Mr. Knaak admits he and others, personally guaranteed that obligation.[1] It is undisputed that the obligation has not been paid in full and in fact, payments continue to be made thereon. While Mr. Knaak has disputed the standing of Wells Fargo to file a proof of claim (a dispute that has been dismissed by this court) and has recently theorized in a new complaint that Wells Fargo allegedly perpetrated a fraud, he has submitted no evidence that the amount set forth in Wells Fargo's proof of claim was inaccurate. The court need not credit a self-represented party's "bald assertions" or "legal conclusions." *Telfair v. Tandy*, No. CIV.A. 08-731(WJM), 2008 WL 4661697, at *3 (D.N.J. Oct. 20, 2008). And because Bankruptcy Rule 3001(f) deems an unsecured proof of claim prima facie evidence of the validity and the amount of the claim absent evidence to the contrary, Wells Fargo's proof of claim for an unsecured claim in the amount of $686,411.37 stands. Accordingly, for purposes of section 109(e) of the Bankruptcy Code, Mr. Knaak's unsecured debt exceed the eligibility limits to file chapter 13 case.

Mr. Knaak objects to this conclusion. His primary argument is that because he and the other guarantor agreed between them that each would only be liable for half the guaranteed amount, his total unsecured debt is under the limit. Doc. No. 61, ¶ 6. But this argument falters. In the attachments to his very own motion, Mr. Knaak sets forth the reason his argument is unpersuasive. The guaranty he and his wife, Sarah Knaak, signed, makes them "jointly and severally" obligated for the guaranteed obligations, namely, the $686,411.37 owed to Wells Fargo. *See* Doc. No. 61-1, Ex. D.

The United States Supreme Court has stated that "If two or more defendants jointly cause harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017). The Third Circuit Court of Appeals has also explained:

> "A liability is joint and several when 'the creditor may sue one or more of the parties to such liability separately, or all of them together, at his [or her] option.'" *United States v. Gregg*, 226 F.3d 253, 260 (3d Cir. 2000) (citation omitted). Accordingly, "an assertion of joint and several liability is an assertion that *each* defendant is liable for the entire amount, although the plaintiff only recovers the entire amount once." *Golden v. Golden*, 382 F.3d 348, 355 n. 5 (3d Cir.2004) (emphasis in original).

*S.E.C. v. J.W. Barclay & Co.*, 442 F.3d 834, 843 (3d Cir. 2006). It has been held that where an agreement imposes joint and several liability on co-obligors, suit can be brought against one obligor without joining the other. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). Thus, "[b]ecause Appellants were held jointly and severally liable, however, each was individually responsible for the entire obligation." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). "The essence of joint and several liability is that the

---

[1] In its Memorandum Decision in connection with its Order Dismissing Adversary Proceeding the Adversary Proceeding, Doc. Nos. 13 and 14, respectively, the court thoroughly explained why Wells Fargo has standing and why it has a claim in this case. That Memorandum Decision in incorporated herein by reference.

Page 2 of 3

liable party may be sued at anytime either alone for the entire judgment or jointly with a co-liable party," *The Corner Associates v. W.R. Grace & Co.-Conn.*, 173 F.3d 424 (4th Cir. 1999). Indeed, "the possibility defendants may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007). *See Am. Home Mortgage Corp. v. First Am. Title Ins. Co.*, CIV.A.07-01257(JLL), 2007 WL 3349320, at *8 (D.N.J. Nov. 9, 2007) ("American Home can recover fully from First American despite the absence of other alleged tortfeasors, given the rules of joint and several liability.").

More persuasive, the definition of joint and several liability that Mr. Knaak attached to his motion similarly explains:

> "Under joint and several liability . . . , a claimant may pursue an obligation against any one party as if they were jointly liable and it becomes the responsibility of the defendants to sort out their respective proportions of liability and payment. This means that if the claimant pursues one defendant and receives payment, that defendant must then pursue the other obligors for a contribution to their share of the liability."

Doc. No. 61-1, p. 13.

In other words, Wells Fargo has a claim of $686,411.37 that it can collect in full from either Mr. Knaak or his wife. That Mr. Knaak and his wife have an agreement *between them* does not affect the amount of his individual liability to Wells Fargo. Under the Guaranty that Mr. Knaak signed, he does not have the option to pay Wells Fargo only half of the guaranteed amount and then tell Wells Fargo to collect the rest from his wife. *See Gen. Contract Purchase Corp. v. Moon Carrier Corp.*, 129 N.J.L. 431, 435 (1943) (internal citations omitted) ("The rule is that the purchaser of a negotiable instrument is unaffected by collateral agreements of which he has had no notice, and if a bill or a note makes no reference to collateral securities or agreements the purchaser is not bound to make inquiries concerning the possible existence or nature of the same."). Mr. Knaak has presented no evidence that Wells Fargo had notice of an agreement between him and his wife, if any, and there is no reference to any such agreement in the Guaranty. He did not submit any written agreement between him and his wife. *See Victory Entm't, Inc. v. Schibell*, A-3388-16T2, 2018 WL 3059696, at *9 (N.J. Super. Ct. App. Div. June 21, 2018) ("Where "two documents were separate pieces of paper but it was obvious . . . that they were interrelated parts of a single transaction," the documents are treated as a unitary contract."). Even if such an agreement did exist, it is not binding on Wells Fargo.

Accordingly, the court denies the Motion. An appropriate judgment has been entered consistent with this decision and is enclosed. Mr. Knaak has 14 days to either convert his case to chapter 7 or 11, else his case will be dismissed as he is ineligible to be a debtor under chapter 13. The court reserves the right to further supplement its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

cc:    Isabel C. Balboa, Chapter 13 Trustee

United States Bankruptcy Court
District of New Jersey

In re:
Robert W Knaak
    Debtor

Case No. 18-24064-ABA
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin    Page 1 of 1    Date Rcvd: Jan 16, 2019
                       Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 18, 2019.
db          +Robert W Knaak,    413 Pine Avenue,    Egg Harbor Twp, NJ 08234-7133

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****                                                          TOTAL: 0
NONE.

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 18, 2019                                  Signature: /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 16, 2019 at the address(es) listed below:
              Andrew L. Spivack    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Jennifer R. Gorchow    on behalf of Trustee Isabel C. Balboa jgorchow@standingtrustee.com
              Lawrence P. Maher    on behalf of Defendant    Wells Fargo Bank, NA lmaher@greenbaumlaw.com,
               vbeiner@greenbaumlaw.com
              Lawrence P. Maher    on behalf of Defendant    Wells Fargo Bank, N.A. lmaher@greenbaumlaw.com,
               vbeiner@greenbaumlaw.com
              Robert J. Flanagan    on behalf of Creditor    Wells Fargo Bank, N.A. rflanagan@greenbaumlaw.com,
               emoreira@greenbaumlaw.com
              Sherri Jennifer Smith    on behalf of Creditor    Wells Fargo Bank, N.A. nj.bkecf@fedphe.com,
               nj.bkecf@fedphe.com
              Sherri Jennifer Smith    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com,
               nj.bkecf@fedphe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 10

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on January 16, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re: | Case No.: 18-24064-ABA |
| Robert W. Knaak, | Chapter: 13 |
| Debtor(s). | Hearing Date: January 15, 2019 |
| | Judge: Andrew B. Altenburg, Jr. |

**ORDER DENYING MOTION RE: AND RECONSIDERATION WITH CERTIFICATION TO REVIEW THE COURTS FINDINGS IN THE MEMORANDUM REGARDING TO CONVERT THIS CASE TO ANOTHER CHAPTER IN 14 DAYS**

The relief set forth on the following page, numbered two, is hereby **ORDERED**.

DATED: January 16, 2019

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Case 20-11269-ABA    Doc 44    Filed 05/12/20    Entered 05/12/20 15:17:26    Desc Main
Case 18-24064-ABA    Doc 101   Filed 02/12/19    Entered 02/12/19 10:57:02    Desc Main
                     Document      Page 11 of 12
                     Document      Page 15 of 16
Case 18-24064-ABA    Doc 98    Filed 01/18/19    Entered 01/19/19 00:30:28    Desc Imaged
                     Certificate of Notice    Page 2 of 3

*In re Robert W. Knaak*
*Case No.: 18-24064-ABA*
*Order Denying Motion re: and Reconsideration with Certification to Review the Courts Findings in the Memorandum regarding to Convert this Case to another Chapter in 14 days*
Page 2

---

**THIS MATTER** having come before the court by the Debtor through a Motion re: and Reconsideration with Certification to Review the Courts Findings in the Memorandum regarding to Convert this Case to another Chapter in 14 days (Doc. No. 61); and the court considering the papers submitted; the parties appearing and arguing; and for the reasons set forth on the record in the court's oral opinion on and Memorandum Decision of January 15, 2019; and for good cause shown; it is

**ORDERED** that the Motion re: and Reconsideration with Certification to Review the Courts Findings in the Memorandum regarding to Convert this Case to another Chapter in 14 days is **DENIED**.

**IT IS FURTHER ORDERED** that if the Debtor's case is not converted within fourteen (14) days from the entry of this order, the case will be dismissed without further notice.

The court reserves the right to revise its findings of fact and conclusions of law.

United States Bankruptcy Court
District of New Jersey

In re:
Robert W Knaak
    Debtor

Case No. 18-24064-ABA
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-1      User: admin      Page 1 of 1      Date Rcvd: Jan 16, 2019
                         Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 18, 2019.
db         +Robert W Knaak,    413 Pine Avenue,    Egg Harbor Twp, NJ 08234-7133

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                     TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 18, 2019                                       Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 16, 2019 at the address(es) listed below:
         Andrew L. Spivack    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
         Isabel C. Balboa     ecfmail@standingtrustee.com, summarymail@standingtrustee.com
         Isabel C. Balboa     on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com, summarymail@standingtrustee.com
         Jennifer R. Gorchow    on behalf of Trustee Isabel C. Balboa jgorchow@standingtrustee.com
         Lawrence P. Maher    on behalf of Defendant    Wells Fargo Bank, NA lmaher@greenbaumlaw.com, vbeiner@greenbaumlaw.com
         Lawrence P. Maher    on behalf of Defendant    Wells Fargo Bank, N.A. lmaher@greenbaumlaw.com, vbeiner@greenbaumlaw.com
         Robert J. Flanagan    on behalf of Creditor    Wells Fargo Bank, N.A. rflanagan@greenbaumlaw.com, emoreira@greenbaumlaw.com
         Sherri Jennifer Smith    on behalf of Creditor    Wells Fargo Bank, N.A. nj.bkecf@fedphe.com, nj.bkecf@fedphe.com
         Sherri Jennifer Smith    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com, nj.bkecf@fedphe.com
         U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov                                 TOTAL: 10